IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRENTON BELL, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | No. 3:18-cv-01276 |
| v. | ) ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Trenton Bell, a pre-trial detainee currently in the custody of the Wilson County Jail in Lebanon, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the United States of America. (Doc. No. 1). He also filed a motion for a fast and speedy trial. (Doc. No. 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  Alleged Facts

The complaint alleges that, on February 18, 2015, Plaintiff was "falsely charged" by Wilson County and his bond was "extremely too high." (Doc. No. 1 at 5). The complaint further alleges that Plaintiff's public defender "is and has been withholding information from me while the Public Defender's Office treats [Plaintiff] illegally." (*Id.*) According to the complaint, Plaintiff

has been poisoned and physically and emotionally abused for the past four years. (*Id.*) He also is being "extorted" by Southern Health Company/Center, "the same Southern Health Company that is refusing to treat [him] for headaches, chest, and stomach pains from the poison." (*Id.*) Plaintiffs asks the Court to order Defendant to pay him $9 million in damages. (*Id.* at 6).

IV.     Analysis

Although Plaintiff filed his complaint on a form for actions under 42 U.S.C. § 1983, he does not name any person or entity acting under color of state law as a defendant, which is required to state a valid claim under § 1983. *Dominguez,* 555 F.3d at 549; *Thorton v. Comerica Bank*, 510 Fed. App'x 439, 440 (6th Cir. 2013) (in order to be subject to suit under § 1983, defendant's actions "must be fairly attributable to the state."). Plaintiff names the United States as the sole Defendant. However, "the federal government and its officials are not subject to suit under § 1983" because federal agencies are governed by federal statutes, and "federal officials typically act under color of *federal* law." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted) (emphasis in original). Section 1983 "by [its] terms, do[es] not apply to actions against the United States." *Bergman v. United States*, 844 F.2d 353, 355 (6th Cir. 1988). Because Plaintiff's § 1983 claims are not brought against any person or entity acting under color of state law, the claims must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff seeks to recover nine million dollars in damages from the United States. (Doc. No. 1 at 6). "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The United

States can be sued only to the extent it has waived its sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). The United States has not waived sovereign immunity as to damages claims for constitutional violations and, therefore, cannot be sued for monetary damages in this action. *See Coe v. United States*, No. 16-3006-STA-egb, 2018 WL 4374219, at *2 (W.D. Tenn. Sept. 13, 2018) (construing prisoner's claims against the United States brought under § 1983 as *Bivens* claims and dismissing claims due to sovereign immunity) (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities)). Therefore, Plaintiff's claims against the United States must be dismissed pursuant to § 1915(e)(2)(B)(iii).

After the filing of his complaint, Plaintiff submitted a motion for a fast and speedy trial. (Doc. No. 6). This Court has no jurisdiction over Plaintiff's ongoing state criminal proceedings and, as such, cannot grant a motion for a speedy trial related to those proceedings. To the extent that Plaintiff's motion is a request for this Court to order a speedy trial in the instant case, the motion is moot as Plaintiff's claims do not survive the required PLRA screening.

## V. Conclusion

For the reasons explained above, the Court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendant United States of

America.  28 U.S.C. § 1915A.  Therefore, this action will be dismissed.  28 U.S.C. § 1915(e)(2).

Plaintiff's motion for a fast and speedy trial (Doc. No. 6) will be denied.

    An appropriate Order will be entered.

                                              *Eli Richardson*
                                          ELI RICHARDSON
                                          UNITED STATES DISTRICT JUDGE